**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

POMI TEKLE,
Petitioner,

v.

No. 98-2180

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-795-332)

Submitted: May 18, 1999

Decided: June 11, 1999

Before ERVIN and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mikre Michael Ayele, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Brenda E. Ellison, Senior Litiga-
tion Counsel, Nelda C. Reyna, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Pomi Tekle petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Tekle first takes issue with the Board's finding that past persecution she suffered under the Mengistu regime in Ethiopia does not warrant a humanitarian grant of asylum. We find substantial evidence supports the Board's conclusion that the mistreatment experienced by Tekle was not severe enough to grant Tekle asylum based on past persecution alone. See 8 U.S.C. § 1105a(a)(4) (1994);* Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989).

Tekle next contends that the Board erred in finding that the presumption of a well-founded fear of persecution created by her past persecution in Ethiopia has been rebutted by a showing of a change in country conditions. We conclude that substantial evidence supports the Board's finding that the presumption of a well-founded fear of future persecution created by Tekle's mistreatment under the Mengistu regime has been rebutted by evidence that Mengistu was overthrown in May 1991 and a new government established. See 8 C.F.R. § 208.13(b)(2) (1998).

Tekle also disagrees with the Board's finding that she failed to demonstrate a well-founded fear of persecution based on her involvement in the opposition group Coalition of Ethiopian Democratic Forces (COEDF) since her arrival in the United States. After a thorough review of the record, we conclude that substantial evidence sup-

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in§ 309(c) of the IIRIRA.

2

ports the Board's determination that Tekle did not demonstrate a well-founded fear of persecution on this basis because her involvement in COEDF has been minimal and she failed to show how the current government would be aware of her political activities in the United States. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). Finally, Tekle's contention that the Board applied the wrong standard of law and evidence and abused its discretion is without merit.

We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3